UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HURSHELL L. STROUD, JR.,

        Plaintiff,

v.

Case No. 13-10334

Honorable Patrick J. Duggan

BANK OF AMERICA, N.A.,
WELLS FARGO BANK, N.A., and
MLMI TRUST SERIES 2006-HE1,

        Defendants.
_____/

## OPINION AND ORDER (1) DENYING PLAINTIFF'S MOTION TO REMAND AND (2) DENYING PLAINTIFF'S MOTION TO STAY ALL DISPOSITIVE MOTION PRACTICE OR FOR AN EXTENSION PENDING THE ADJUDICATION OF PLAINTIFF'S MOTION TO REMAND AS MOOT

Plaintiff initiated this action, which arises out of a residential mortgage foreclosure, in state court. Two of the three Defendants subsequently removed the action to this Court. Soon thereafter, Plaintiff filed a Motion to Remand and a Motion to Stay pending adjudication of the Motion to Remand. Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Local Rule 7.1(f) (2). For the reasons stated herein, the Court denies Plaintiff's Motion to Remand and denies Plaintiff's Motion to Stay as moot.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On December 7, 2012, Plaintiff Hurshell Stroud, Jr. filed this action in Wayne County Circuit Court.[1] (Compl. attach. Notice of Removal, Ex. 1, ECF No. 1-2.) Concurrently with the filing of his Complaint, Plaintiff filed a Motion Seeking Ex-Parte Temporary Restraining Order and Preliminary Injunctive Relief. (Mot. attach. Notice of Removal, Ex. 1, ECF No. 1-2, Pg ID 287-294.)

Defendants Bank of America and Wells Fargo (collectively "Defendants") removed the instant matter to this Court on January 28, 2013, on the grounds of federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332, 1441(a), 1446. On March 4, 2013, Plaintiff filed a Motion to Remand. (ECF No. 6.) Defendants responded to this motion on March 21, 2013, (ECF No. 9), and Plaintiff filed a timely reply, (ECF No. 10).

On April 5, 2013, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) On April 8, 2013, Plaintiff filed his First Amended Complaint, which is virtually indistinguishable from the initial Complaint save one important difference: Plaintiff dropped Count VII, which alleged a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and was the only federal cause of action in Plaintiff's original Complaint. (ECF No. 12.) On April 25, 2013, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 13.) Plaintiff filed a Motion to Stay All Dispositive Motion Practice or for an Extension Pending the Adjudication of Plaintiff's Motion to Remand on May 16, 2013.

---

[1] Case No. 12-016208-CH.

(ECF No. 14.) Presently before the Court are (1) Plaintiff's Motion to Remand and (2) Plaintiff's Motion to Stay.

## II. STANDARD OF REVIEW

Motions to remand are governed by 28 U.S.C. § 1447(c), which provides, in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

In the instant case, Defendants filed the Notice of Removal on January 28, 2013 and Plaintiff filed his Motion to Remand on March 4, 2013, thirty-five (35) days later. Because Plaintiff did not file his remand motion within the statutorily-prescribed thirty day period, the motion is untimely as to any defect other than lack of subject matter jurisdiction. *Id.*

## III. ANALYSIS

Plaintiff asserts four grounds in support of his position that remand is proper. Two of Plaintiff's arguments question this Court's subject matter jurisdiction and the remaining two raise procedural or technical defects in connection with Defendants' removal petition. With respect to the latter, however, by failing to file the Motion to Remand within the thirty-day period provided in 28 U.S.C. § 1447(c), Plaintiff has waived all arguments in support of remand on the basis of any defect in the removal procedure. Accordingly, the Court does not address Plaintiff's contentions regarding (1) Defendants' failure to include the summonses and the order granting a preliminary

injunction in the removal petition or (2) Defendants' failure to comply with the rule of unanimity, which requires all defendants to join in the removal. (Pl.'s Br. 2-3.) The Court does, however, have an obligation to ensure that subject matter jurisdiction is proper as the existence of subject matter jurisdiction is the most fundamental question presented in every civil action brought in federal court. *See, e.g.*, *Metro Hydroelectric Co., L.L.C. v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008).

The federal courts of the United States are not courts of general jurisdiction. Rather, federal courts are empowered to hear only those cases falling within the judicial power of the United States as defined in the Constitution, or those matters specifically committed to their authority by an act of Congress. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action from a state court only when the federal court would have original jurisdiction over the civil action. For this Court to have original jurisdiction, either diversity or federal question jurisdiction must exist. 28 U.S.C. §§ 1332, 1331. Defendants asserted both jurisdictional bases in removing the instant action. (Notice of Removal, ¶¶ 9-10, 13, ECF No. 1.) Plaintiff, on the other hand, argues that (1) Defendants "have not proven that they are entitled to litigate then entire case in this Court on the basis of federal question jurisdiction and supplemental jurisdiction[,]" (Pl.'s Br. 5 (citation omitted)), and (2) Defendants have not satisfied their burden of establishing diversity of citizenship, (*id.* at 3-5). For the reasons that follow, the Court rejects Plaintiff's first contention and finds that jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a). Because Defendants are only required to establish a basis

for federal jurisdiction, the Court declines to address the parties' contentions regarding diversity of citizenship pursuant to 28 U.S.C. § 1332.

Defendants' first basis for removal is federal question jurisdiction. Federal question jurisdiction exists in those cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90, 126 S. Ct. 2121, 2131 (2006) (internal quotations and citations omitted). Importantly, "[t]he existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 209 (6th Cir. 2004) (citation omitted).

At the time Defendants removed this action, Plaintiff's Complaint alleged a violation of the FDCPA, 15 U.S.C. § 1692 *et seq.*, a cause of action created by federal law. Plaintiff concedes that the Court has original jurisdiction over this claim but questions whether Defendants have demonstrated that supplemental jurisdiction over the remaining eight state law counts is proper. (Pl.'s Br. 6.) Title 28 U.S.C. § 1367(a) governs supplemental jurisdiction and provides "in any civil action of which the district courts have original jurisdiction," courts may exercise supplemental jurisdiction over any state law claim that "form[s] part of the same case or controversy." "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Harper*, 392 F.3d at 209 (internal citations and quotation marks omitted). "This

5

requirement is met when state and federal law claims arise from the same contract, dispute, or transaction." *Packard v. Farmers Ins. Co. of Columbus*, 423 F. App'x 580, 583 (6th Cir. 2011) (citations omitted). Because Plaintiff's initial complaint raised federal and state law claims that stemmed from the same transaction – the allegedly improper loan modification and foreclosure of a residential mortgage – the Court finds that supplemental jurisdiction over the state law claims is proper.

In reaching this conclusion, the Court notes that is has "consider[ed] and weigh[ed] . . . the values of judicial economy, convenience, fairness, and comity[.]" *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619 (1988). Given the frequency with which this Court adjudicates mortgage foreclosure disputes arising under Michigan law, the Court rejects Plaintiff's suggestion that the underlying state law claims present "novel and complex issues" more appropriately decided by the state courts. (Pl.'s Br. 6.) Lastly, the Court finds the exercise of jurisdiction proper even though Plaintiff subsequently amended his complaint to eliminate the sole federal claim for two reasons. First, the removal of all federal claims from a civil action does not unilaterally divest federal courts of subject matter jurisdiction. *Packard*, 423 F. App'x at 583-84 (rejecting Plaintiffs' argument that their amended complaint deprived federal jurisdiction by raising only state law claims and holding that the district court retained jurisdiction of Plaintiffs' state law claims by virtue of supplemental jurisdiction). Second, district courts are expressly permitted to "consider whether the plaintiff has used 'manipulative tactics' to defeat removal and secure a state forum, such as 'simply by deleting all federal-law claims from the complaint and requesting that the district court

6

remand the case.'" *Harper*, 392 F.3d at 211 (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 357, 108 S. Ct. at 622-23). This precise procedural posture exists in this case.

Because this Court had original jurisdiction over the instant action at the time Plaintiff's Complaint was removed pursuant to 28 U.S.C. § 1331, the Court elects to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to the authority granted by 28 U.S.C. § 1367(a).

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff waived any technical defects in connection with the removal and the Court is satisfied that it has subject matter jurisdiction over the instant dispute.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay All Dispositive Motion Practice or for an Extension Pending the Adjudication of Plaintiff's Motion to Remand is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, (ECF No. 13.), within twenty-one (21) days of the issuance of this Opinion and Order.

Date: June 17, 2013

          s/PATRICK J. DUGGAN
          UNITED STATES DISTRICT JUDGE

Copies to:

**Adam J. Gantz, Esq.**
**Nickolas C. Buonodono, Esq.**
**Samantha L. Walls, Esq.**
**T. L. Summerville, Esq.**