UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HURSHELL L. STROUD JR.,

        Plaintiff,

v.

Case No. 13-10334

Hon. Patrick J. Duggan

BANK OF AMERICA, N.A.,
WELLS FARGO BANK, N.A., as trustee
for the MLMI Trust Series 2006-HE1, and
MLMI TRUST SERIES 2006-HE1,

        Defendants.
_____/

### ORDER DENYING PLAINTIFF/APPELLANT'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING AN APPEAL

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on September __, 2013.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On August 18, 2005, Plaintiff Hurshell L. Stroud, Jr. accepted a $165,000 loan from First Street Financial, Inc. ("First Street"), and, in exchange, executed a promissory note secured by a mortgage on real property commonly known as 14514 Glastonbury, Detroit, Michigan (the "Property"). Soon after completion of the mortgage transaction, First Street assigned the loan to Wells Fargo Bank, N.A. as Trustee for the MLMI Trust Series 2006-HE1. After the mortgage was pooled

into the Trust in 2005, Wilshire Credit Corporation began servicing Plaintiff's loan. Wilshire Credit Corporation merged into BAC Homes Loans Servicing, LP ("BAC") in February 2010, and, in 2011, BAC merged into Bank of America, N.A. ("BANA"). Once the 2011 merger occurred, BANA assumed responsibility for servicing Plaintiff's loan.

Sometime after obtaining the mortgage, Plaintiff became delinquent in his payments. Concluding that Plaintiff was in default on the mortgage, Wells Fargo as Trustee initiated foreclosure by advertisement proceedings pursuant to Michigan law. A sheriff's sale was held on August 24, 2011, at which time Wells Fargo as Trustee purchased the property. The statutory redemption period expired on February 24, 2012, with Plaintiff failing to redeem.

On December 7, 2012, Plaintiff initiated this action in the Circuit Court for Wayne County in Wayne County, Michigan against Defendants BANA, Wells Fargo as Trustee, and the Trust, seeking to redress alleged improprieties in the foreclosure of his home. After removing the action to this Court, Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On July 12, 2013, this Court issued an Opinion and Order granting Defendants' Motion to Dismiss and dismissing Plaintiff's Complaint with prejudice. A Judgment consistent with that decision was entered on the same date.

Plaintiff filed a notice of appeal of this Court's July 12, 2013 judgment. On August 15, 2013, Plaintiff filed a Motion to Stay Enforcement of Judgment Pending an Appeal. In this motion, Plaintiff indicates that "[a] hearing on the complaint to evict Plaintiff on the subject property (the 'Property'), is scheduled for 10:00 a.m. tomorrow, August 16, 2013." (Mot. 1.) Plaintiff contends that the issuance of a stay is appropriate because Plaintiff "undoubtedly will be irreparably harmed if the Court does not grant a stay pending an appeal. If the state district court enters an order evicting Plaintiff, he could lose his home even if he prevails in his appeal." (Br. 5 (citations omitted).) Given this reality, Plaintiff suggests that "it would make little sense to permit an eviction to proceed." (*Id.*) This is because "[a]ssuming that the United States Court of Appeals for the Sixth Circuit were to reverse the judgment in favor of Defendants, Plaintiff may have to file another lawsuit against Defendants to have the property returned to him." (*Id.* At 5-6.)

The arguments presented in support of Plaintiff's Motion confirm that Plaintiff's Motion to Stay Enforcement of Judgment is really a request that this Court stay the eviction proceeding which was scheduled to take place on August 16, 2013, the day after the instant motion was filed. It is unclear why Plaintiff waited until the eleventh hour to file the instant motion. Nevertheless, the Court has learned that the eviction proceeding did, in fact, take place in the state court as scheduled and that Defendants prevailed on the request to evict Plaintiff. The

Court has also learned that the decision of the state court granting Defendants' request for an eviction has been appealed.

Under the circumstances, the Court sees no basis for staying enforcement of its judgment. The granting or denial of a stay of enforcement will not affect Plaintiff's right to appeal this Court's judgment of July 12, 2013 to the Sixth Circuit; and, because a grant or denial of the stay of enforcement of the judgment will not affect the eviction proceeding, which has already taken place, the granting of a stay to enforce the judgment would serve no useful purpose.

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion to Stay Enforcement of Judgment Pending an Appeal.

Date:  September 19, 2013

> s/PATRICK J. DUGGAN
> UNITED STATES DISTRICT JUDGE

Copies to:

**Nickolas C. Buonodono, Esq.**
**Samantha L. Walls, Esq.**
**T.L. Summerville, Esq.**